**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0006151**
**27-JUL-2016**
**07:48 AM**

NO. CAAP-13-0006151

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY
LOAN TRUST SERIES, ACE 2006-HE1, Plaintiff-Appellee, v. JOSE M.
ROJAS REYES, Defendant-Appellant, JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10,
ALL PERSONS RESIDING WITH AND BY ANY PERSONS CLAIMING BY AND
THROUGH OR UNDER THEM, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0399(3))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Jose M. Rojas Reyes (Reyes) appeals
from: (1) the November 18, 2013 "Order Granting Plaintiff HSBC
Bank USA, National Association, as Trustee for Home Equity Loan
Trust Series ACE 2006-HE1's [HSBC] Motion for Summary Judgment,
Filed Herein on July 22, 2013" (Summary Judgment Order); (2) the
November 18, 2013 "Judgment on Order Granting [HSBC's] Motion for
Summary Judgment Filed Herein on July 22, 2013, and for
Possession" (Judgment); and (3) the November 18, 2013 "Writ of
Possession", entered by the Circuit Court of the Second Circuit
(Circuit Court).[1]

On appeal, Reyes argues that the Circuit Court erred
when it granted summary judgment to HSBC because the underlying
mortgages and notes were (1) void and unenforceable because they
were entered into in violation of Hawaii Revised Statutes
Chapter 480; (2) voidable as products of constructive fraud;

---

[1]     The Honorable Judge Joseph E. Cardoza presided.

(3) void and unenforceable as products of fraud in the factum; and (4) voidable as products of undue influence.

After a careful review of the issues raised and arguments raised, by the parties, the record, and the applicable authority, we resolve Reyes's appeal as follows and affirm.

The issues raised by Reyes in this appeal are barred by res judicata.

> The doctrines of res judicata and collateral estoppel provide that the judgment of a court of competent jurisdiction is a bar to a new action in another court between the same parties or their privies concerning the same subject matter. It precludes the religitation, not only of the issues that were actually litigated in the first action, but also of all grounds of claim and defense which might have been litigated in the first action but were not litigated or decided.

Santos v. State, Dept. Of Transp., Kauai Div., 64 Haw. 648, 651-52, 646 P.2d 962, 965 (1982). The Hawai'i Supreme Court in Santos further provided the three factors that must be considered in finding whether application of res judicata or collateral estoppel is warranted: "Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" Santos, 64 Haw. at 653, 646 P.2d at 966 (citation omitted).

Applying these general principles to the instant case, it is clear that they preclude our further consideration of Reyes's appeal. This appeal arises from an ejectment action by HSBC against Reyes seeking his ouster from 648 Kaakolu Street, Lahaina, Hawaii 96761 (Subject Property), which was purchased by HSBC in a nonjudicial foreclosure sale held on July 7, 2009. Reyes challenged HSBC's ownership of the Subject Property as a result of this sale, through a lawsuit that became civil case number 10-1-0536-03. In Civ. No. 10-1-0536-03, the Circuit Court of the First Circuit, *inter alia*, granted HSBC's motion for summary judgment and denied Reyes's motions to set aside and to reconsider the judgment entered in HSBC's favor. Reyes's appeal from the judgments and orders entered in HSBC's favor in Civ. No. 10-1-0536-03 was rejected by this court through a summary

disposition order entered on May 29, 2015 in CAAP-12-0000507 (SDO).

As in CAAP-12-0000507, Reyes's arguments here challenge the validity of the underlying loan agreements based on the actions and representations of his own loan broker, which he argued constituted fraud and breach of the broker's fiduciary duty to Reyes, and on a number of theories, rendered the loans void or voidable. To the extent that Reyes did not raise in Civ. No. 10-1-0536-03 his claim based on the "undue influence" of his broker in the loan transaction, it should have been raised along with his other claims in his challenge to the validity of the loan in that action, and thus was waived. See, Eastern Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 160, 296 P.3d 1062, 1068 (2013) (holding res judicata barred the assertion of federal truth in lending claims in challenging the confirmation of a foreclosure sale when the order of foreclosure was not appealed). Therefore, these arguments, which were waived or raised and finally decided by this court's SDO in CAAP-12-0000507, are barred.

Based on the foregoing, the (1) November 18, 2013 "Order Granting [HSBC's] Motion for Summary Judgment, Filed Herein on July 22, 2013;" (2) November 18, 2013 "Judgment on Order Granting [HSBC's] Motion for Summary Judgment Filed Herein on July 22, 2013, and for Possession;" and (3) November 18, 2013 "Writ of Possession," entered by the Circuit Court of the Second Circuit, are affirmed.

DATED: Honolulu, Hawai'i, July 27, 2016.

On the briefs:

Gary Victor Dubin,
Frederick Arensmeyer, and
Andrew Goff,
for Defendant-Appellant.

Robert E. Chapman and
Mary Martin,
(Clay Chapman Iwamura Pulice &
Nervell),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3